IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BERNIECE EVANS, <br><br> Plaintiff, <br><br> vs. <br><br> MOSAIC, KARLY ELBRACHT, TYLER ANDERSON, and DANIEL JONES, <br><br> Defendants. | 8:20CV153 <br><br> MEMORANDUM AND ORDER |

Plaintiff filed her Complaint in this matter on April 23, 2020. (Filing 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.     SUMMARY OF COMPLAINT

Plaintiff's 65-page "Complaint" consists of rambling descriptions of mostly undated incidents that apparently occurred at Mosaic, Plaintiff's employer, such as being written up by human resources for failing to do tasks that were not hers to do, while others were not subject to such treatment, and being subject to a racist comment made by Plaintiff's "white white" boss, Karly (apparently Defendant Elbracht), saying to clients that the boss was a "slavedriver," thus "intimating fact that Plaintiff is descendant of actual slaves and thus 'slave' today 2020!" (Filing 1 at CM/ECF pp. 2, 4-6.) Plaintiff also complains that an EEOC "encounter . . . was garbled lost in translation soft peddling our words," but an audiotape in possession of the EEOC would "reveal the nature" of retaliation "for complaining of maltreatment." (*Id.* at pp. 2-3, 5.)

Interspersed between multiple pages of confusing handwritten notes are what purports to be: (1) the July 2018 Mosaic employee handbook, portions of which allegedly have been highlighted and annotated by Plaintiff's former boss (who Defendant Karly Elbracht caused to be fired) indicating the regulations Elbracht supposedly violated as to Plaintiff (*id*. at pp. 9-24); (2) page one of a multiple-page NEOC charge of discrimination dated March 8, 2019, filed by Plaintiff and alleging retaliation she experienced after filing a previous charge of discrimination (*id*. at p. 25); (3) a page of 2016 reviews written by apparent employees of an unknown business (*id*. at p. 28); (4) a "notice" by "Commission staff" regarding "hostile or aggressive behavior" (*id*. at p. 30); (5) an October 17, 2018, letter from the NEOC to Plaintiff acknowledging a charge she filed on October 12, 2018, and describing to Plaintiff how the investigation would proceed in "several months" due to a "backlog of cases" (*id*. at p. 34); and (6) a photo of a computer screen containing a schedule of "nurse only" treatment such as taking weights and doing nail care (*id*. at p. 41).

Plaintiff requests $10 million in damages. (*Id*. at p. 7.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "A pro se

2

complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted).

Very liberally construed, Plaintiff here apparently seeks to assert claims for employment discrimination and retaliation. A plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his or her complaint. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002) (holding a complaint in employment discrimination lawsuit need not contain "facts establishing a prima facie case," but must contain sufficient facts to state a claim to relief that is plausible on its face), *abrogated in part on other grounds by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, the elements of a prima facie case are relevant to a plausibility determination. *See Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 54 (1st Cir. 2013) (stating elements of a prima facie case are "part of the background against which a plausibility determination should be made" and "may be used as a prism to shed light upon the plausibility of the claim"); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.").

### III. DISCUSSION

**A. Timeliness**

Plaintiff seems to be attempting to allege claims of discrimination and retaliation based on race under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"), and the Nebraska Fair Employment Practice Act, Neb. Rev. Stat. §§ 48-1101 to 48-1125 (Westlaw 2020) ("NFEPA"). The Complaint, however, fails to allege that Plaintiff has exhausted her administrative remedies, as is required.

Title VII and the NFEPA require a plaintiff to exhaust her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on her charge. 42 U.S.C. § 2000e-5(f)(1) (Title VII); Neb. Rev. Stat. § 48-1120.01 (NFEPA); *see also Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1847 (2019) (describing procedure). The civil complaint may only encompass issues that are like or reasonably related to the substance of the charges timely brought before the EEOC/NEOC. *Cottrill v. MFA, Inc.*, 443 F.3d 629, 634 (8th Cir. 2006).

Here, Plaintiff has not filed a copy of her right-to-sue notice nor has she set forth the date on which she received a right-to-sue notice from the EEOC and/or NEOC with respect to her charges of discrimination and retaliation. Thus, the court cannot determine whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of her right-to-sue notice with the court. In the alternative, Plaintiff may amend her complaint to allege whether she exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances warrant tolling of the 90-day period.

**B. Rule 8**

As stated above, Plaintiff's Complaint is a string of incomprehensible narration and unidentified documents that contains few, if any, descriptions of the actions of each named Defendant, when they occurred, and how they harmed Plaintiff. Thus, as currently written, Plaintiff's Complaint fails to meet the minimal pleading standard in Federal Rule of Civil Procedure 8, which requires that every

4

complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The court will grant Plaintiff leave to file an amended complaint that adheres to Rule 8's requirements.

IT IS THEREFORE ORDERED that:

1. Plaintiff will have 30 days from the date of this Memorandum and Order to file a copy of any right-to-sue notice received from the NEOC/EEOC. In the alternative, Plaintiff may amend her complaint within 30 days to allege whether she exhausted her administrative remedies with the EEOC/NEOC and, if so, the date on which she received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of her receipt of the right-to-sue notice, she must show that equitable or exceptional circumstances warrant tolling of the 90-day period.

2. In her amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against each defendant. Plaintiff should be mindful to explain in her amended complaint what each defendant did to her, when each defendant did it, and how the defendants' actions harmed her.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of her original Complaint (Filing 1) in a clear, legible fashion and any new allegations. Failure to consolidate all claims *into one document* may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, her prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

5. The Clerk of Court is directed to set a pro se case management deadline in this case using the following text: **November 12, 2020**—Check for Plaintiff's amended complaint.

DATED this 13th day of October, 2020.

BY THE COURT:

Richard G. Kopf
Senior United States District Judge