IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BERNIECE EVANS,

Plaintiff,

vs.

MOSAIC,

Defendant.

8:20CV153

MEMORANDUM
AND ORDER

On initial review of Plaintiff's pro se Amended Complaint, the court concluded
that Plaintiff was attempting to state claims under Title VII for racial discrimination,
retaliation, and harassment. (Filing 12.) The court gave Plaintiff leave to file a second
amended complaint to allege that she suffered an adverse employment action for
purposes of her racial discrimination and retaliation claims, and that her alleged racial
harassment was severe, pervasive, extreme, and permeated the workplace. Plaintiff has
filed a second Amended Complaint (Filing 20), and the court now conducts an initial
review of the Second Amended Complaint to determine whether summary dismissal is
appropriate under 28 U.S.C. § 1915(e)(2).

The standards of review and elements of Plaintiff's claims were discussed in
detail in the court's initial review of Plaintiff's Amended Complaint (Filing 12) and will
not be repeated here. Instead, Plaintiff's Second Amended Complaint will be evaluated
in light of the court's prior discussion.

Plaintiff alleges that she is no longer employed at Mosaic, implying that she was
either constructively discharged or terminated, both of which constitute an adverse
employment action for purposes of racial discrimination and retaliation. Therefore,
Plaintiff has satisfactorily stated such claims, and they may proceed to service of
process. As to Plaintiff's claim for harassment based on race, she has not alleged any
additional facts other than those that appeared in her prior two Complaints, which the
court has already determined were not severe and pervasive enough to constitute a

racially hostile work environment. (Filing 12 at CM/ECF pp. 8-9.) Therefore, this claim will be dismissed for failure to state a claim upon which relief can be granted.

In light of the foregoing, the court will allow this action to proceed to service of process on Plaintiff's racial discrimination and retaliation claims. The court cautions Plaintiff that allowing her claims to proceed to service of process is not a determination of the merits of her claims or potential defenses to them. Accordingly,

IT IS ORDERED:

1.      Plaintiff's claims for racial discrimination and retaliation under Title VII may proceed to service of process. Plaintiff's claim for racial harassment is dismissed without prejudice for failure to state a claim upon which relief can be granted.

2.      For service of process on Defendant Mosaic, the Clerk of Court is directed to complete a summons form and a USM-285 form for such Defendant using the address "4980 S. 118th St., Omaha, NE 68137" and forward them together with a copy of the Second Amended Complaint (Filing 20), the court's prior Memorandum and Order (Filing 12), and a copy of this Memorandum and Order to the Marshals Service.[1] **The Marshals Service shall serve Defendant Mosaic at <u>4980 S. 118th St., Omaha, NE 68137</u>**. Service may also be accomplished by using any of the following methods:

---

[1] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "**[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.**" *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory); Fed. R. Civ. P. 4(c)(3) (court must order that service be made by United States Marshal if plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915). *See, e.g.*, *Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).

residence, certified mail, or designated delivery service upon any officer, director, managing agent, or registered agent, or by leaving the process at Defendant Mosaic's registered office with a person employed therein, or by certified mail or designated delivery service to Mosaic's registered office. *See* Federal Rule of Civil Procedure 4(h); Neb. Rev. Stat. § 25-509.01.

3.     The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.

4.     Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint. However, Plaintiff is granted, on the court's own motion, an extension of time until 90 days from the date of this order to complete service of process. The Clerk of Court shall set a case-management deadline accordingly.

5.     Because this non-prisoner case is proceeding to service of process, and at the direction of the court, this case is removed from the pro se docket. The Clerk of Court shall randomly assign new judges to this case and shall request a reassignment order from the Chief Judge.

DATED this 9th day of November, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

3